753 A.2d 1247 (2000)
332 N.J. Super. 575
STATE of New Jersey, Plaintiff,
v.
Keon REED, Defendant.
Superior Court of New Jersey, Law Division, Essex County.
Decided January 24, 2000.
Janice L. Massaro, Special Deputy Attorney General/Acting Assistant Prosecutor for the State of New Jersey (Donald C. Campolo, Assistant Attorney General/Acting Essex County Prosecutor).
Robert S. Miseo, Orange, for the defendant.
PAYNE, J.S.C.
Defendant Keon Reed has been charged in a nine-count indictment with first-degree robbery of four minors, as well as various weapons offenses. Prior to trial, defendant has sought an in limine ruling on the admissibility of his uncorroborated testimony that, within hours after the robbery, his long-time friend, Michael Johnson, confessed to him that he had committed the crimes.
A determination of defendant's motion is governed by N.J.R.E. 803(c)(25), which declares the following evidence not to be excluded by the hearsay rule:
A statement which was at the time of its making so far contrary to the declarant's pecuniary, proprietary, or social interest, or so far tended to subject declarant to civil or criminal liability, or to render invalid declarant's claim against another, that a reasonable person in declarant's position would not have made the statement unless the person believed it to be true. Such a statement is admissible against an accused in a criminal action only if the accused was the declarant.
The New Jersey rule differs from Fed.R.Evid. 804(b)(3), which conditions admissibility on the unavailability of the witness and further provides: "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." See 1991 Supreme Court Committee Comment to N.J.R.E. 803(c)(25) (noting New Jersey's rejection of the federal unavailability and corroboration requirements).
A review of the history of the New Jersey rule does not disclose any evidence of consideration of the corroboration requirement found in the federal rule. However, the following Comment to the predecessor Evid.R. 63(10), which appears in the March, 1963 Report of the New Jersey Supreme Court Committee on Evidence, strongly supports the conclusion that a requirement of corroboration was explicitly rejected:
There has been widespread agreement among students of evidence law that the declaration against interest exception is generally one of the most *1248 reliable of all the exceptions in that it gives the most effective guarantee of trustworthiness.

[Id. at 169.]
Further, the use in court of a statement against penal interest that exculpates a defendant was specifically sanctioned by the Committee, which stated:
... a statement against penal interest should be admissible if it exculpates a defendant on trial and for the same policy reason which prevents it from being used against him, namely, to protect an innocent person. While it is true that a guilty defendant might suborn such a statement, nevertheless criminal defendants as a class should be able to use such statements on the basis that an innocent man would otherwise be denied the necessary evidence of a statement which clears him of the crime. See Justice Holmes's dissent in Donnelly v. United States, 228 U.S. 243, 33 S.Ct. 449, 57 L.Ed. 820 (1913), and Newberry v. Commonwealth, 191 Va. 445, 460-62, 61 S.E.2d 318, 325-26 (1950) (admitting the confession of a defendant which exculpated a co-defendant). Wigmore's statement of this position is frequently quoted. See 5 Wigmore, Evidence § 1477 (3d ed.1940).[1]

[Report, supra, at 171.]
The admissibility of evidence under N.J.R.E. 603(c)(25) has been considered in the context of the third-party guilt doctrine most recently by the Supreme Court in State v. Koedatich, 112 N.J. 225, 311-12, 548 A.2d 939 (1988), cert. denied, 488 U.S. 1017, 109 S.Ct. 813, 102 L.Ed.2d 803 (1989), State v. Loftin, 146 N.J. 295, 345, 680 A.2d 677 (1996), and State v. White, 158 N.J. 230, 238-245, 729 A.2d 31 (1999). In Koedatich, the defense unsuccessfully sought to introduce evidence at trial regarding the possible guilt of another in order to establish defendant's innocence. On appeal, the Supreme Court recognized that "an accused has a constitutional right under the due process clause of the fourteenth amendment to offer probative evidence tending to show that a third party committed the crime charged." Koedatich, supra, 112 N.J. at 297, 548 A.2d 939, citing, inter alia, Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). However, the Court found that the trial court had not abused its discretion in finding that the proffered evidence insufficiently linked the third party to the victim and her murder and thus "did not have a rational tendency to engender a reasonable doubt with respect to an essential feature of the State's case." Koedatich, supra, 112 N.J. at 298, 311-12, 548 A.2d 939, quoting State v. Sturdivant, 31 N.J. 165, 179, 155 A.2d 771 (1959), cert. denied, 362 U.S. 956, 80 S.Ct. 873, 4 L.Ed.2d 873 (1960). In reaching that conclusion, the Court contrasted the evidence before it with that in Chambers, supra, stating:
In that case, the Court held that the third-party declaration was admissible. There was, however, a direct link between the statement and the crime. Indeed in Chambers, the statement was a confession to the murder.
[Koedatich, supra, 112 N.J. at 311, 548 A.2d 939.]
Additionally, the Koedatich Court discussed State v. Larsen, 91 Idaho 42, 415 P.2d 685 (1966), finding that there, too, the *1249 proffered evidence, consisting again of a confession, "drew a direct connection between the third party and the commission of the crime." Koedatich, supra, 112 N.J. at 311, 548 A.2d 939.
Although, as stated, R. 803(c)(25) does not contain a corroboration requirement, the Koedatich opinion utilizes language that can be interpreted as suggesting its judicial adoption. In its discussion of Larsen, the Koedatich Court observed:
Although the Court in State v. Larsen recognized that ... out-of-court third-party confessions are generally admissible, it found [the] proffered evidence inadmissible because there was no "other substantial evidence which tend[ed] to show clearly that the declarant [was] in fact the person guilty of the crime for which the accused [was] on trial." 415 P.2d at 692.
[Koedatich, supra, 112 N.J. at 311, 548 A.2d 939.]
Larsen, in fact, held an uncorroborated, out-of-court confession (such as that reported by defendant Reed in the present case) to be inadmissable, since its admission "might have a serious injurious effect on the administration of criminal law for it would open the door to defendants to produce perjured and fraudulent `confessions' by others who, for some unexplained reason, have `disappeared'[2] or are otherwise `unavailable' as witnesses." Id., 415 P.2d at 692. The court justified its conclusion by invoking the decisions of other states' courts that found:
"It is not difficult to see the abuses to which the general admission of such testimony might lead. Every one accused of crime would be tempted to introduce perjured testimony concerning statements of some third person, then beyond the jurisdiction of the court, admitting that such third person and not the defendant, had committed the crime in question, and the experience of courts renders it certain that many would yield to such a temptation." Brennan v. State, 151 Md. 265, 134 A. 148, 150, 48 A.L.R. 342 (1926).
"If evidence of this kind was admissible as original testimony for a defendant, it would be impossible to convict any thief, because he could always find witnesses who would testify that they had heard some one who was absent confess to being guilty of the crime. To hold that such evidence was competent would put a premium on fraud, make perjury safe, and place the state at the mercy of criminals. This would make a mockery of the law, and will not be permitted in the courts of Oklahoma." Davis v. State, 8 Okl.Cr. 515, 128 P. 1097, 1099 (1913).

[Larsen, supra, 415 P.2d at 692.]
The issue, then, is whether New Jersey, when directly confronted with the issue, would require corroboration either of the substance of a third-party confession exculpating a defendant or corroboration of the fact that the confession actually occurred. That issue is not addressed in Loftin, which, like Koedatich, principally concerned the relationship between the proffered evidence and defendant's guilt.[3]
However, the Supreme Court's decision in White does bear on the matter in issue and establishes in a different context the absence of any requirement that a third-party statement against penal interest be corroborated as a condition for admissibility. In White, the Court reversed a trial court's determination to admit solely the inculpatory portion of a third party's statement, while finding inadmissible that portion of the statement that exculpated the defendant then on trial. In doing so, the Court held the exculpatory portion of a *1250 statement to be admissible if, in light of the surrounding circumstances, the statement exposed the declarant to criminal liability or if, in conjunction with a related self-inculpatory statement, it strengthened the incriminatory effect of that self-inculpatory statement. Id., 158 N.J. at 244, 729 A.2d 31.
At the start of its analysis, the White Court noted the inherent reliability of statements against interest. Id. 158 N.J. at 238, 729 A.2d 31. Then, in language relevant to the issue presented here, it rejected the Appellate Division's approach to determining the issue of the reliability of that portion of the declaration exculpating the defendant on trial, stating:
The Appellate Division was correct in noting that the reliability of statements against interest must be determined by the trial court as the condition for their admissibility. The flaw in the Appellate Division's approach, however, was that it emphasized extrinsic circumstances bearing on the general reliability or trustworthiness of the declarant's statement as the condition for its admissibility. Rather, it is a statement's self-incriminating character which renders the declaration against interest.

[Id. at 240, 729 A.2d 31.]
After finding, in the circumstances presented, that the exculpatory portion of the statement at issue enhanced the statement's inculpatory effect, and therefore should have been admitted as a reliable part of the declarant's statement against interest, the Court once again addressed the error in the Appellate Division's requirement of external corroboration, stating:
We emphasize that many issues regarding the trustworthiness and veracity of Smith's exculpation of White remain. The Appellate Division suggested that Smith's defendant-exculpatory statements lacked the trustworthiness necessary to be admitted into evidence.... In so doing, the court focused essentially on extrinsic circumstances of reliability. As earlier noted, although those circumstances have no bearing on admissibility, they nevertheless occupy an important place in the trial presentation of relevant evidence. Once the declarant's out-of-court incriminating statement is admitted into evidence, the jury must determine the statement's probative worth. The jury should undertake an unfettered and full consideration of all the circumstances surrounding the declarant's confession and disregard the statement or any part thereof if it finds the statement not credible. Cf. N.J.R.E. 104(c) (requiring that although question of admissibility of confession is solely for determination of court, whenever defendant's statements, admissions and confessions are introduced into evidence, jury must be instructed to determine credibility of and weight to be accorded to statements without regard to court's determination of admissibility); State v. Jordan, 147 N.J. 409, 425, 688 A.2d 97 (1997) (same); State v. Hampton, 61 N.J. 250, 272, 294 A.2d 23 (1972) (same).
[White, supra, 158 N.J. at 246, 729 A.2d 31.]
Because the statement attributed to Michael Johnson in this case is clearly inculpatory, under N.J.R.E. 603(c)(25) and the precedent just discussed, it must be admitted as inherently trustworthy, regardless of the absence of any corroboration.
The final issue is whether New Jersey courts impose any requirement that the statement of the witness recounting the alleged third-party confession (in this case, the defendant) requires any corroboration. Examination of federal precedent reveals a split by the Circuits on this issue. Compare, e.g., United States v. Alvarez, 584 F.2d 694 (5th Cir.1978) and United States v. Bagley, 537 F.2d 162 (5th Cir.1976) cert. denied, 429 U.S. 1075, 97 S.Ct. 816, 50 L.Ed.2d 794 (1977) (requiring corroboration) with United States v. Atkins, 558 F.2d 133 (3d Cir.1977) cert. denied sub nom. Morello v. United States, 434 U.S. 929, 98 S.Ct. 416, 54 L.Ed.2d 289 *1251 (1977), sub nom. Mason v. United States, 434 U.S. 972, 98 S.Ct. 524, 54 L.Ed.2d 462 (1977) and sub nom. Atkins v. United States, 434 U.S. 1071, 98 S.Ct. 1254, 55 L.Ed.2d 774 (1978) (rejecting a corroboration requirement) and United States v. Satterfield, 572 F.2d 687 (9th Cir.1978) (same). Cf. also, United States v. Katsougrakis, 715 F.2d 769 (2d Cir.1983), cert. denied, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984) (same, in context of inculpatory statement) and United States v. Seeley, 892 F.2d 1 (1st Cir.1989) (same).
The cases rejecting corroboration base their holdings on a recognition that the real possibility of fabrication by a witness recounting a statement against interest that exculpates a defendant on trial[4] can be fully explored at the time that the witness testifies on the stand. Although a hearsay statement against penal interest by a third-party, whether or not available to testify, has been held to be inherently trustworthy, the law does not presume there to be any inherent reliability in testimony by one seeking to use such hearsay to exonerate himself or another. See, e.g., Satterfield, supra, 572 F.2d at 691; Katsougrakis, supra, 715 F.2d at 777; Seeley, supra, 892 F.2d at 3; J. Donald Best, Note, The Corroboration Requirement (or Lack Thereof) for Statements against Penal Interest in Wisconsin: State v. Anderson, 1989 Wis.L.Rev. 403, 415-16 (1989) (discussing cases). The perception, memory and manner of presentation of such a witness, as well as the presence or absence of corroborating detail, present classic material for examination and cross-examination. An evaluation of the credibility of and weight to be accorded to the testimony of a witness has long been held to be a fundamental jury function. See, State v. Jamerson, 153 N.J. 318, 341, 708 A.2d 1183 (1998), State v. Carter, 91 N.J. 86, 124, 449 A.2d 1280 (1982), State v. Ingenito, 87 N.J. 204, 211, 432 A.2d 912 (1981). See also, Katsougrakis, supra, 715 F.2d at 777. No evidential principle suggests that such a function should, in this particular circumstance, be removed from the jury's purview, or that a defendant's constitutional right to present witnesses in his own behalf should be so circumscribed.
In the present case, it seems unlikely that a jury would credit defendant's statement that Michael Johnson had admitted to the crimes for which defendant has been charged, and it is likewise unlikely that Mr. Johnson would waive his Fifth Amendment rights by confirming his guilt on the stand. Moreover, if defendant were to testify, the existence of his criminal record would be revealed to the jury. Thus, it is more likely than not that defendant will choose silence, rather than the risk of presenting testimony of doubtful probity. Nonetheless, that is a determination to be made by the defendant and not, under the circumstances, by this court. A statement by the defendant conforming to his proffer will therefore be found admissible if offered at trial of this matter.
NOTES
[1] In rejecting the then-existing limitation on admissibility of hearsay statements against penal (as opposed to pecuniary or proprietary) interest, Professor Wigmore stated in part:

The only plausible reason of policy that has ever been advanced for such a limitation is the possibility of procuring fabricated testimony to such an admission if oral. This is the ancient rusty weapon that has always been brandished to oppose any reform of the rules of evidence, viz., the argument of abuse. This would be a good argument against admitting any witnesses at all, for it is notorious that some witnesses will lie and that it is difficult to avoid being deceived by their lies. The truth is that any rule which hampers an honest man in exonerating himself is a bad rule, even if it also hampers a villain in falsely passing for an innocent.
[Id. at 358-59.]
[2] Idaho's courts, like their federal counterparts, require that the declarant be unavailable.
[3] In both Koedatich and Loftin, defendants were permitted to introduce generic evidence suggesting that another committed the crime, but were not permitted to suggest the identity of that person.
[4] This possibility was noted by the House Committee considering Fed.R.Evid. 804(b)(3). See discussion in Bagley, supra, 537 F.2d at 167.